# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY TORREY, | No. 2:12-CV-1457-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| LOVETT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 13).[1]

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

---

[1] The amended complaint is filed in response to the court's initial screening order of October 22, 2012.  In that order, leave to amend was provided as to plaintiff's claims against defendants Jackson, Heatley, and Williams, who are supervisory defendants.  The court also recommended dismissal of defendant Lovett for failure to state a claim and, sub silencio, determined that the complaint stated cognizable claims against the remaining defendants – Todd, Stahl, and Smith.

1

from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

        Plaintiff names the following in the amended complaint: Lovett, contract physician; Jackson, associate warden; Heatley, supervising medical officer; Todd, physician's assistant; Stahl, physical therapist; and Smith, physician.[2]  The factual allegations are largely the same as those outlined in the court's prior order, and will not be repeated here.  Rather the court will focus on whether the amended complaint's additional allegations, if any, cure the defects identified in the prior order.

        The court identified defects as to defendants Lovett, Jackson, Heatley, and Williams (who is not named in the amended complaint).  As to Lovett, the court concluded that, at best, plaintiff's claim amounted to no more than a medical malpractice claim, which is not cognizable in a § 1983 civil rights action.  Despite indicating that this defendant should be dismissed, plaintiff nonetheless includes Lovett in the amended complaint.  As to Lovett, plaintiff states that he performed a total right knee replacement in November 2009.  After

---

[2]  Plaintiff originally named Williams, the chief medical officer, but this individual is omitted as a defendant in the amended complaint.  By separate order the Clerk of the Court will be directed to terminate Williams as a defendant to this action.

experiencing severe post-operative pain, plaintiff was transported back to the hospital in February 2010 for arthrosporic surgery.  Plaintiff claims that the total knee replacement failed because Lovett "was supposed to re-break plaintiff's lower right leg because plaintiff had a [prior condition] compound break of the tibia which healed bowing out, causing plaintiff's knee to deteriorate over time."  Plaintiff claims that he would not be suffering pain today had Lovett re-broken the lower right leg as part of his knee replacement procedure.  Plaintiff adds that, during corrective surgery performed by another doctor, the doctor told plaintiff that the knee replacement had failed "because the components which Lovett used were put in improperly with no adhesive in the tibia component, thus causing the components of the artificial bone to become severely loose."

As plaintiff was informed in the court's prior order, negligence in diagnosing or treating a medical condition does not give rise to a claim under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.  See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  In this case, it is clear that the basis of Lovett's liability, if any, is the alleged medical malpractice committed in connection with the November 2009 knee replacement.  There is no allegation that Lovett completely refused or delayed necessary treatment.  Rather, plaintiff complains that the surgery was botched.  This is exactly the kind of negligence claim that is not cognizable under § 1983.  The court continues to conclude that Lovett should be dismissed.

Turning to defendants Jackson and Heatley, the court stated in the prior order that these were all alleged to be supervisory personnel and plaintiff had failed to indicate their personal involvement.  As to Heatley, plaintiff states that he sent Heatley a letter on December 28, 2010, complaining about the botched knee replacement from November 2009.  Heatley responded on January 1, 2011, stating that it was his recommendation that plaintiff continue with his current course of treatment with a podiatrist and physical therapist.  Plaintiff claims that he

1  again wrote Heatley on August 29, 2011, about his problems.  Heatley reviewed plaintiff's x-rays
2  and concluded that plaintiff was healed and needed no further arthrosporic assistance.  According
3  to plaintiff, this was a "ridiculous" conclusion to have been reached.  After coming to believe
4  that the 2009 surgery had been botched, plaintiff wrote Heatley again on April 28, 2012.  Plaintiff
5  does not state whether Heatley responded.
6          Once again, the court concludes that plaintiff has not pleaded sufficient facts to
7  show Heatley's personal involvement in his case beyond rendering an opinion with which he
8  disagrees (i.e., the "ridiculous" conclusion that plaintiff was healed and required no further
9  treatment).  Because plaintiff's complaint against Heatley arises from a difference of medical
10 opinion – Heatley thought plaintiff was cured; plaintiff did not – the claim is not cognizable.
11 See id. at 332.   Heatley should be dismissed.
12          As to Jackson, plaintiff claims that he explained to Jackson on July 17, 2009, that
13 he was not able to fully bend without a "pop" sound in his knee and that he was in significant
14 pain.  Plaintiff states that he requested a soft food chrono and a cell feed chrono (so he would not
15 have to walk on the healing knee), but these were not provided.  He does not state whom he
16 asked for the chronos, or who denied the requests.  Plaintiff next claims that he wrote to Jackson
17 complaining that personnel in B-Facility were ignoring his post-operative care.  As stated in the
18 prior order, supervisory personnel cannot be liable under § 1983 for the conduct of their conduct
19 of their subordinates, and that a plaintiff must show personal involvement by the supervisory
20 defendant and how that conduct contributed to or caused the claimed constitutional deprivation.
21 See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); see also Fayle v. Stapley, 607
22 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Because
23 plaintiff has now failed to do so for a second time, even after being advised of the applicable law,
24 the court finds that Jackson should be dismissed.
25 / / /
26 / / /

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of defendants Lovett, Jackson and Heatley. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). By separate order, the court will direct service of the complaint on defendants Todd, Stahl, and Smith.

Based on the foregoing, the undersigned recommends that Lovett, Jackson, and Heatley be dismissed from this action which shall proceed against defendants Todd, Stahl, and Smith only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

5