IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY TORREY, | No. 2:12-CV-1457-JAM-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| KAREN TODD, et al., | |
|     Defendants. | |
| _____ / | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  Plaintiff argues that he requires the assistance of counsel in order to obtain a review of his prison medical file and to obtain access to the law library, both in order to respond to defendants' pending motions to dismiss.  Plaintiff has not, however, explained how access to either his medical file or the prison law library will assist him in responding to defendants' motions.  Specifically, defendants' motions are based on failure to exhaust administrative remedies prior to filing suit.  Thus, the issue is whether plaintiff completed the administrative exhaustion process as to all of his claims against each defendant.  Either plaintiff completed the exhaustion process – in which case responses addressing plaintiff's grievances at the highest administrative level would exist – or he did not.  Access to medical record and/or the law library would not seem to provide plaintiff any assistance in addressing this issue.

Furthermore, the court finds that plaintiff is capable of articulating his claims, as demonstrated by his filings to date.  Finally, as discussed in more detail in findings and recommendations issued separately, there does not appear to be any likelihood of success on the merits of plaintiff's claims because plaintiff's claims are unexhausted.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (Doc. 38) is denied.

DATED:  February 24, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE