**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

JOEY TORREY,                                   No. 2:12-CV-1457-JAM-CMK-P

        Plaintiff,

   vs.                                        <u>FINDINGS AND RECOMMENDATIONS</u>

KAREN TODD, et al.,

        Defendants.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are defendants' unopposed motions to dismiss (Docs. 27 and 31) for failure to exhaust administrative remedies prior to filing suit.

**I.  BACKGROUND**

        Plaintiff's allegations are summarized as follows:

Todd        – According to plaintiff, B-Facility medical personnel, including defendant Todd, were negligent and indifferent to plaintiff's post-operative care; plaintiff claims that defendant Todd was "negligence and gross negligent [sic]" for failing to act to address his constant pain "not to mention when said Defendants ignored Plaintiff's physical evidence of Plaintiff's right knee 'popping' and the patella being able to rotate 360 degrees."

1

Stahl         – On April 25, 2012, defendant Stahl, a physical therapist, wrote plaintiff a  chrono "stipulating that Plaintiff did not need any assistance to get around the institution"; according to plaintiff, he did in fact need assistance, particularly given the April 4, 2012, operation; for this reason, plaintiff also states that defendant Stahl was incorrect in stating that plaintiff had no job restrictions; defendant Stahl was "negligence and gross negligent [sic]" for failing to act to address his constant pain "not to mention when said Defendants ignored Plaintiff's physical evidence of Plaintiff's right knee 'popping' and the patella being able to rotate 360 degrees."

Smith        – Plaintiff states that, on May 2, 2012,  defendant Smith denied his request for off-site physical therapy; on May 7, 2012, defendant Smith wrote a chrono indicting that plaintiff was capable of "full duty"; defendant Smith was "negligence and gross negligent [sic]" for failing to act to address his constant pain "not to mention when said Defendants ignored Plaintiff's physical evidence of Plaintiff's right knee 'popping' and the patella being able to rotate 360 degrees."

## II.  STANDARD FOR MOTION TO DISMISS

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record.  Id. at 1120 n.14 (referencing the notice requirements outlined in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  Defendants bear the burden of establishing that the plaintiff failed to exhaust administrative remedies prior to filing suit.  See Wyatt, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice.  See id. at 1120; see also Jones v. Bock, 127 S.Ct. 910 (2007).

2

## III.  DISCUSSION

1

2          Prisoners seeking relief under § 1983 must exhaust all available administrative

3   remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory

4   regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling

5   Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

6   the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies

7   while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The

8   Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and

9   held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint

10  because lack of exhaustion is an affirmative defense which must be pleaded and proved by the

11  defendants; (2) an individual named as a defendant does not necessarily need to be named in the

12  grievance process for exhaustion to be considered adequate because the applicable procedural

13  rules that a prisoner must follow are defined by the particular grievance process, not by the

14  PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not

15  all, claims are unexhausted.

16          The Supreme Court also held in Woodford v. Ngo that, in order to exhaust

17  administrative remedies, the prisoner must comply with all of the prison system's procedural

18  rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus,

19  exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.

20  Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance

21  which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.

22  at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the

23  quantity of prisoner suits "because some prisoners are successful in the administrative process,

24  and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

25  / / /

26  / / /

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations.  In California, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The inmate must submit their appeal on the proper form, and is required to identify the staff member(s) involved as well as describing their involvement in the issue.  See Cal. Code Regs. tit. 15, § 3084.2(a).  These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7.  A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy.  See id.  Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures.  See Cal. Code Regs. tit. 15, §§ 3084.6(b).  If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein.  See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a).  Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group.  See Cal. Code Regs. tit 15, § 3084.2(h).

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process.  See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005).  Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance.  See id. at 937 (citing Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff complaint."  See id. at 940.  If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified

4

1  that such claims must be appealed separately.  See id. at 939.  The court may presume that the

2  absence of such a notice indicates that the grievance did not present any claims which could be

3  appealed separate from the confidential "staff complaint" process.  See id.

4      **A.   Defendant Todd**

5          Plaintiff claims that defendant Todd was indifferent as to medical needs following

6  surgery on February 19, 2010.  Based on the declarations of the appropriate prison officials

7  responsible for inmate appeals, plaintiff never submitted any prison grievances alleging that

8  defendant Todd was indifferent to his medical needs following the February 2010 surgery.

9          Defendant Todd also argues that plaintiff failed to exhaust his claim that

10  defendant Todd refused to issue a cell-feed chrono.  While the amended complaint does mention

11  the lack of a cell-feed chrono, it does not specifically link such a claim to defendant Todd.  In any

12  event, defendants' evidence indicates that plaintiff's grievance concerning the lack of a cell-feed

13  chrono was screened out at the initial level and plaintiff never followed-up.

14          For the foregoing reasons, the court finds that plaintiff failed to exhaust

15  administrative remedies as to his claims against defendant Todd.

16      **B.   Defendant Stahl**

17          Plaintiff claims that defendant Stahl improperly wrote a chrono indicating that he

18  did not need any assistance getting around.  He also claims that defendant Stahl was indifferent

19  with respect to his complaints of constant pain.  As to the first issue, defendants' evidence shows

20  that, while plaintiff filed an inmate grievance complaining of defendant Stahl's conclusion that

21  plaintiff had no physical limitations to job assignments, plaintiff never raised the issue of

22  whether he needed assistance getting around.  As to the second issue, defendants' evidence

23  shows that, while plaintiff filed a grievance alleging that Shaw refused to provide physical

24  therapy, plaintiff did not file any grievance alleging that defendant Stahl failed to provide needed

25  medical attention.   Plaintiff has failed to exhaust his administrative remedies as to claims against

26  defendant Stahl.

C.   **Defendant Smith**

Plaintiff claims that defendant Smith improperly wrote chronos indicating that plaintiff was full duty for work and did not need assistance getting around.  Plaintiff also claims that defendant Smith improperly denied his request for off-site physical therapy.  Defendants' evidence reflects that plaintiff first raised an allegation that defendant Smith improperly denied him a crutch in a second-level appeal.  Because issues not raised initially at the first level are not considered properly raised under California regulations, see Sapp v. Kimbrell, 623 F.3d 813, 825 (9th cir. 2010), and because defendants' evidence shows that plaintiff never raised any claims against defendant Smith at the first level of the grievance process, plaintiff failed to exhaust any claims against defendant Smith.

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motions to dismiss (Docs. 27 and 31) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 24, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE